## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH VINCENT MARSICANO,** | : | **CIVIL ACTION NO. 1:26-CV-1665** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **LUZERNE COUNTY** | : | |
| **CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.

Plaintiff, Joseph Vincent Marsicano, alleges that defendants violated his civil rights

by refusing to give him a bottom bunk in his cell. The complaint will be dismissed

without prejudice and Marsicano will be granted leave to file an amended

complaint.

### I.    Factual Background & Procedural History

Marsicano has been detained in Luzerne County Correctional Facility at all

relevant times. He filed his complaint on June 5, 2026, and the court received and

docketed it on June 16, 2026. (Doc. 1). The complaint's factual allegations are

limited to one paragraph as follows:

> During the month of October: wrote medical numerous times 4
> pain/discomfort trying to get in the top bunk I had hard times using the
> bathroom severe stomach pain : contacted my private attorney in
> November regarding this [illegible] Lehman I was retaliated against for
> doing so moved back to the main jail seen by medical who stated my
> hernia was no reason for a bottom bunk ("take the pain climb the
> ladder") this was also in November 2025.

Marsicano alleges that this violates the Eighth Amendment and constitutes negligence and malpractice. (Id. at 5). He seeks damages. (Id.)

## II.   Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual

3

allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III.   **Discussion**

Marsicano's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Although Marsicano labels his constitutional claim as one for deliberate indifference to a serious medical need in violation of the Eighth Amendment, it

4

appears from the complaint that he is detained in a county facility as a pretrial detainee. Accordingly, his claim for deliberate indifference is governed by the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). The Fourteenth Amendment "affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Id.

To state a Fourteenth Amendment claim for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale, 318 F.3d at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "A plaintiff's mere disagreement as to the proper medical treatment" is not sufficient to support a deliberate indifference claim. Lanzaro, 834 F.2d at 346.

Here Marsicano has failed to allege a serious medical need. Although a hernia could constitute a serious medical need in certain circumstances, it is not

clear from the complaint that it was a serious medical need in this instance. Marsicano alleges that he should have been given a bottom bunk because of the hernia, but there is no allegation as to how the hernia impacted his ability to climb to a top bunk: his only allegation of pain he experienced is "severe stomach pain" while "using the bathroom." (Doc. 1 at 4). Absent additional allegations as to how his hernia impacted his ability to get in and out of bed, it is not clear from the complaint that his hernia was a serious medical need or that the defendants were deliberately indifferent in failing to give him a lower bunk as an accommodation for it.

The complaint also fails to state a claim for malpractice or negligence. To state claims for negligence or medical malpractice under Pennsylvania law, a plaintiff must allege (1) that the defendant owed him a duty of care; (2) that the defendant breached the duty; (3) that the defendant's breach caused the plaintiff injury; and (4) that the plaintiff suffered actual loss or damage as a result. Brewington *ex rel.* Brewington v. City of Philadelphia, 199 A.3d 348, 355 (Pa. 2018); Quinby v. Plumsteadville Family Practice, Inc., 907 A.2d 1061, 1070 (Pa. 2006). Here, it is unclear what actual loss or damage—if any—Marsicano suffered as a result of defendants' purported refusal to give him a bottom bunk. The malpractice and negligence claims will accordingly also be dismissed.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Marsicano will be granted leave to amend his

complaint because the court cannot conclude that such an amendment would be inequitable or futile.

## IV.    Conclusion

Marsicano is granted leave to proceed *in forma pauperis*, and his complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. Marsicano is additionally granted leave to file an amended complaint. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    July 13, 2026